JOURNAL ENTRY and OPINION
This case is before the court on appeal from the sentence imposed following the entry of a guilty plea. In his single assignment of error, appellant urges that he was deprived of his liberty without due process of law by the sentence imposed in the within case where the sentence did not comport with Ohio's new sentencing scheme. For the following reasons, we vacate and remand for resentencing.
Appellant was charged in a five-count indictment filed February 9, 1999. The indictment alleged two counts of felonious assault in violation of R.C. 2903.11 (a second degree felony), one count of aggravated burglary in violation of R.C. 2911.11 (a first degree felony), one count of aggravated robbery in violation of R.C. 2911.01 (a first degree felony), and one count of disrupting public service in violation of R.C.2909.04 (a fourth degree felony). On July 15, 1999, he entered a guilty plea to the two felonious assault charges and the aggravated burglary charge; the remaining charges were nolled. On August 18, 1999, the court entered a sentencing order that provided in relevant part:
 The court considered all of the required factors of the law.
 The court finds that prison is consistent with the purpose of R.C. 2929.11.
 The court imposes a prison term at Lorain Correctional Institution of 6 years as to counts 1, 2, and 3; counts 1 and 2 to run concurrent with each other but consecutive to count 3 for a total of 12 years. The sentence includes any extensions provided by law.
 Defendant to receive 248 days jail time credit, to date.
Defendant to pay court costs of $652.40.
Appellant has timely appealed this ruling.
 LAW AND ANALYSIS
Appellant argues that the court failed to make the findings necessary for it to impose a sentence that exceeded the minimum term of imprisonment for each offense and to impose a consecutive sentence.
The appellant's convictions for first and second degree felonies raised a presumption that a prison term should be imposed. R.C. 2929.13(D). Under R.C. 2929.14(B), however, because appellant had not previously served a prison term, the court was required to impose the shortest prison term authorized unless the court found on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. The supreme court has construed this provision to mean that the record of the sentencing hearing must reflect that the court found either or both of the statutory reasons for exceeding the minimum sentence, but it does not require that the court give its reasons for making its findings. State v. Edmondson (1999), 86 Ohio St.3d 324,326.
Neither the transcript of the sentencing hearing nor the sentencing order indicates that the trial court decided to depart from the statutorily mandated minimum sentences based upon either of the two findings that would have justified imposition of a more severe sentence. This is precisely the problem that the court found in Edmondson:
 With this record, there is no confirmation that the court first considered imposing the minimum three year sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons.
Edmondson, 86 Ohio St.3d at 328. Although the state argues that the trial court substantially complied with the statute, the court's finding on the record that the sentence is necessary to protect the public and punish the offender does not explain why the minimum term is insufficient, as required by R.C. 2929.14(B). Therefore, the sentence must be vacated and this matter must be remanded for resentencing.
Given this conclusion, we need not address the question whether the court erred by imposing consecutive sentences. However, we remind the court that R.C. 2929.19(B)(2)(c) requires the court not only to make findings but also to give its reasons for imposing consecutive sentences. Cf. Edmondson, 86 Ohio St.2d at 328. We also remind the court of its obligations under R.C. 2929.19(B)(3)(c) to notify the offender that a period of post release control will be imposed.
Sentence vacated and remanded for resentencing.
The sentence is vacated and this matter is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and JOYCE J. GEORGE, J.* CONCUR.
 _________________________________ KENNETH A. ROCCO, PRESIDING JUDGE
* Sitting by Assignment: Joyce J. George, retired Judge of the Ninth Appellate District.